HAWTHORNE, Justice.
This case was formerly before this court for consideration of a judgment sustaining the defense that plaintiff in this case was without right to maintain an action against the contractor. See Marine Ins. Co. v. Strecker, 234 La. 522, 100 So.2d 493.[1] We reversed that judgment and on rehearing remanded the case for a decision of whether defendant was- negligent in the installation of the cabinet whose fall caused the damage, since that question had not been passed upon either by the district court or by the Court of Appeal.
On remand there was judgment in the district court in favor of the plaintiff for $248.80, the amount prayed for, and the Court of Appeal affirmed this judgment. The case is now before us for review, the sole question for our decision being: Was the defendant contractor negligent in the installation of the cabinet?
The facts involving the installation of the cabinet are set out in the opinion of the Court of Appeal, 111 So.2d 369, and it is necessary for us to state them here only briefly.
The defendant Charles W. Strecker, a cabinetmaker, entered into a contract for the installation of wall cabinets in an apartment building. The cabinet with which we are here concerned was attached to the wall at its top on one end by a single four-inch angle iron, the other end being fastened either to the wall or to another cabinet. Several months after the installation the angle iron holding up this kitchen cabinet broke at its bend, the cabinet sagged or dropped about six inches at the end where it had been fastened to the wall by the single angle iron, and valuable glassware and crockery stored in it were broken. This suit was brought to recover the value of the glassware and crockery on the theory that the loss was occasioned by the contractor’s negligence in failing to install and secure the wall cabinet properly.
Plaintiff called as an expert a cabinetmaker engaged in the building, repairing, and installation of cabinets. The cabinet here involved was described to the witness with all details of size, etc., and a picture of the cabinet was shown to him. He testified that the minimum number of four-inch braces or angle irons required for a safe and proper installation of such a cabinet was four, two at the top and two at the bottom. He further stated that under no circumstances would he install a cabinet of this type with only a single angle iron or bracket at one end; that in his opinion the cabinet which dropped was inproperly installed.
Defendant also called a carpenter and cabinetmaker. When questioned about the proper method of installation of such a cabinet, this expert testified that in his opinion two angle irons of the type used would be sufficient to carry the weight; that if he had installed the particular cabinet, he would have used an additional angle iron, or two altogether, and that in his opinion one angle iron was not sufficient to hold the cabinet securely to the wall. Moreover, it should be noted that when the defendant Strecker was called on to repair the cabinet after it sagged, he himself fastened it to the wall this second time with two angle irons.
Strecker testified that the angle iron which broke was in his opinion cracked at its bend, or was defective in this respect, when used to attach the cabinet, and that because of this defect it broke and the *143 cabinet sagged or dropped. There is no actual proof in the record that the bracket was defective. Evidently the Court of Appeal considered that even if the bracket was defective, the cabinet would not have fallen if it had been properly installed in a good and workmanlike manner with two brackets or angle irons. In other words, that court concluded that a proper installation required the use of more than one bracket, so that if the bracket which broke had actually been defective, this defect would not have caused the cabinet to sag because the additional bracket would have supported its weight and kept it secured to the wall. After reviewing the facts, the Court of Appeal stated [111 So.2d 372] :
“ * * * we feel that the cabinet should have been originally installed with two angle irons instead of the one and that therefore the failure of the contractor to use the second iron was negligence and that without this negligence the accident would not have occurred.”
When this case was before us on application for certiorari, we had some difficulty in following the reasoning of the Court of Appeal because of certain expressions used in its opinion. However, after the transcript was lodged here and we had an opportunity to review all the evidence, we found no manifest error in the conclusion of the trial judge which was affirmed by the Court of Appeal.
For the reasons assigned the judgment of the Court of Appeal is affirmed; relator to pay all costs.
VIOSCA, J., recused.

. In this connection, see also Kendrick v. Mason, 234 La. 271, 99 So.2d 108.