390 So.2d 1377 (1980)
George KONCINSKY et al., Plaintiffs-Appellants,
v.
A. V. SMITH et al., Defendants-Appellees.
No. 7787.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
*1379 Ledbetter, Percy & Stubbs, J. Michael Percy, Alexandria, for plaintiffs-appellants.
Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Gravel, Robertson & Brady, Dan E. Melichar, Stafford, Stewart & Potter, Ronald Fiorenza, Alexandria, for defendants-appellees.
Before FORET, STOKER and LABORDE, JJ.
STOKER, Judge.
This suit arose out of a contract to install a water system for Choctaw Hills subdivision in Pineville, Louisiana.
George Koncinsky is a realtor, builder and residential developer who through George Koncinsky, Inc., planned the development of Choctaw Hills subdivision in Pineville, Louisiana. In April of 1973, George Koncinsky, Inc., entered into a contract with A. V. Smith Construction Company, Inc., for the installation of a water system for Choctaw Hills. In the contract the City of Pineville was designated as the owner of the system. The contract provided a one year guarantee of all work done by the contractor. The water line was completed by the contractor and accepted by the City of Pineville in February of 1974. Shortly after the acceptance, the water system developed leaks. These leaks were repaired by A. V. Smith Construction Company, Inc., in accordance with the contract guarantee. The waterline continued to leak and this litigation resulted.
The original plaintiffs in this suit were George Koncinsky, Inc., George Koncinsky, individually and the City of Pineville. Helen Koncinsky, wife of George Koncinsky, was subsequently added as a plaintiff. The original defendants were A. V. Smith Construction Company, Inc., and St. Paul Fire and Marine Insurance Company as the issuer of a performance bond for A. V. Smith Construction Company, Inc. The defendants third partied Jet Stream Corporation, the manufacturer of the pipe used in the system. This third party demand was dismissed with prejudice during the trial. Defendants also reconvened against the plaintiffs in the event of judgment in favor of the City of Pineville. The city settled its claim with A. V. Smith Construction Company, Inc., and was dismissed prior to trial.
George Koncinsky, Inc., and George Koncinsky and Helen Koncinsky instituted this suit for damages sustained as a result of the alleged breach of the duty of workmanlike performance by A. V. Smith Construction Company, Inc., in installing the water system. The trial court found that the claim of George Koncinsky, Inc., was a contract claim and that the claims of George and Helen Koncinsky as owners of the land and subdivision were tort claims. Judgment was rendered against plaintiff George Koncinsky, Inc., and in favor of defendants A. V. Smith Construction Company, Inc., and St. Paul Fire and Marine Insurance Company on the contract claim on the basis that the corporation was unable to prove any damages. In the tort claim judgment was granted in favor of plaintiffs George and Helen Koncinsky against A. V. Smith Construction Company, Inc., in the sum of $3,167.10 for lost administrative time and out of pocket expenses. Judgment was rendered against the plaintiffs George and Helen Koncinsky in favor of St. Paul Fire and Marine Insurance Company on the finding that St. Paul Fire and Marine Insurance Company was the surety of A. V. Smith Construction Company, Inc., and not liable in tort for the damages caused by the company. The plaintiffs George Koncinsky, Inc., and George and Helen Koncinsky appealed this judgment. Defendant, A. V. Smith Construction Company, Inc., answered this appeal.
*1380 On appeal, plaintiffs-appellants specify as error:
(1) The trial court's finding that plaintiffs' damages were non-compensable.
(2) The trial court's failure to assess expert witness fees as costs.
(3) The trial court's taxing one-half of the costs to plaintiffs.
In his answer to the appeal, defendant-appellee, A. V. Smith Construction Company, Inc., contends that the trial judge erred in awarding any damages in favor of the individual plaintiffs George and Helen Koncinsky. The answer to the appeal is limited by its terms to the question of quantum of the award, i. e., the award of $3,167.10 to George and Helen Koncinsky. In oral argument counsel for defendant-appellee raised the issue of prescription as to these individual tort claims. Counsel requested an opportunity to file supplemental briefs on the subject of prescription and this court granted permission. Both parties filed supplemental briefs on this issue subsequent to oral argument. We have concluded, however, that the issue of prescription is not properly before us.
In the trial court, the defendants filed an exception of prescription of one year leveled at the tort claims of the Koncinskys. The trial court overruled the exception and the case went to trial. At oral argument when the issue of prescription of the tort claims was brought up, we did not then advert to the fact the answer to the appeal by A. V. Smith Construction Company, Inc., was limited and was a restricted appeal. Inasmuch as the appellee's answer to the appeal was limited, the answer did not bring up the issue of prescription. Although we appeared to countenance consideration of the prescription on appeal in allowing the filing of supplemental briefs on the subject, we are bound by the provisions of LSA-C.C.P. art. 2133 and must apply it. We hold therefore that the issue of prescription is not before us in this appeal. See Craig v. Southeastern Fidelity Insurance Co., 377 So.2d 1271 (La.App. 3rd Cir. 1979), writ denied, 381 So.2d 510 (La.1980); Juan v. Harris, 263 So.2d 370 (La.App. 4th Cir. 1972) affirmed and amended on further grounds, 279 So.2d 187 (La.1973); Story v. Martin, 217 So.2d 758 (La.App. 4th Cir. 1969); and Lomenick v. Hartford Accident and Indemnity Co., 189 So.2d 731 (La.App. 3rd Cir. 1966). Cf. Tassin v. Allstate Insurance Company, 310 So.2d 680 (La.App. 4th Cir. 1975), writ refused, 313 So.2d 836 (La. 1975). Juan v. Harris, supra, held that a brief cannot be considered as an answer to an appeal.

LIABILITY
In this case plaintiffs seek damages alleged to have resulted from defective installation of a water system installed in a new subdivision. The record is not clear as to the relationship of George Koncinsky, individually, George Koncinsky, Inc., and the subdivision which is known as Choctaw Hills. The one clear fact is that the corporation entered into the contract with A. V. Smith Construction Company, Inc., for the laying of the water system. See D-4 at transcript pages 13-42 and particularly page 24. An assertion in plaintiffs' brief suggests that George Koncinsky individually and his wife, Helen Koncinsky, were owners and actually held title to the land from which the subdivision was carved. The statement in the brief reads as follows:
"Due to a clerical error or other misunderstanding on the part of the engineers, George Koncinsky, Inc., was named as the party to the Contract between Smith, Koncinsky and the City of Pineville. Accordingly, it was necessary that Mr. Koncinsky institute suit in his corporate name (as obligee under the Contract) and in his and his wife's personal name (as owners of the subdivision.)"
The probability that the Koncinskys and not the corporation owned the land is strengthened by the testimony of Mr. Koncinsky on page 592 of the transcript concerning the manner in which the land was acquired. However, the matter is not clear. Ultimately, however, we consider the question of ownership and the relationship of the parties to Choctaw Hills subdivision not *1381 to be decisive of the issues in the case. Assuming that George Koncinsky and Helen Koncinsky were third parties with respect to the contract for the water system improvement, the damages sustained were not the cost of repair of damages to the land or water system as will be explained later in this section. As third parties they sustained damages for which A. V. Smith Construction Company, Inc., must stand liable. The trial court found that the corporation, George Koncinsky, Inc., had not proven that it sustained any damage, which holding we affirm, so that the matter ultimately becomes moot as to the corporation.
With respect to the question of liability flowing from the negligent failure to lay the water system in a workmanlike manner, the trial court's findings of fact are supported in the record and are not clearly wrong. The defective work constituted a breach of the contract with George Koncinsky, Inc. The trial court rested liability for the tort damages sustained by the Koncinskys individually on Marine Insurance Company v. Strecker, 234 La. 522, 100 So.2d 493 (La.1957) and Day v. National-U. S. Radiator Corporation, 117 So.2d 104 (La.App. 1st Cir. 1959). The principle for which these cases are cited is the principle that a contractor may not escape tort liability to third persons on the ground of lack of contractual relations between the contractor and a third party. In the Strecker case the court indicated avenues of escape for the contractor. The court stated the law as follows:
Although many jurisdictions apparently still accept the legal principle that after the owner has accepted the work, a contractor is not liable for injuries to a third person caused by the contractor's defective work, the better view seems to be that lack of privity should not be a legal defense in a tort suit against a contractor.
Finally, as we view the matter, there exists no valid reason for excusing a contractor from liability in a tort action on the privity of contract doctrine or because of want of contractual relations between the contractor and the injured party. If the act of the contractor causes damage and he is at fault, he is under an obligation to the injured party to repair the damage under Article 2315 of our Civil Code, and the injured party has a right of action, to enforce the obligation imposed by this article. The contractor, of course, may escape liability under substantive tort law if, for instance, there is no proof of his negligence, no establishment of the fact that the injury or damage was foreseeable or that danger from defective construction would be probable, or no proof that the injury was proximately caused by the contractor's conduct.
See also Williamson v. Gulf Coast Line Contracting Co., Inc., 301 So.2d 657 (La.App. 3rd Cir. 1974).
In our opinion the facts allow the contractor A. V. Smith Construction Company, Inc., no escape. In this contractor's defense it is vigorously urged that the damages claimed were not foreseeable consequences of a breach of the contract in the form of defective workmanship. The defects caused leaks which persisted over some time. The leaks caused damage to the subdivision during the time of its development and sales promotion. Whether George Koncinsky was actual owner of the land or not, the record discloses that he had a great financial stake in the success of the subdivision. He was the prime, if not the sole, person concerned with carrying out the physical development and promoting the sale of lots in the subdivision. The evidence clearly establishes that George Koncinsky individually experienced much anxiety, frustration and extra work during the period of difficulties. There is no doubt that George Koncinsky individually, sustained damage within the intendment of LSA-C.C. arts. 2315 and 2316.
For the foregoing reasons we sustain the trial court's finding of liability in favor of George and Helen Koncinsky. As we shall explain later, we find no proof of damages sustained on the part of Helen Koncinsky which were peculiar to her but find no error in the trial court judgment in her favor. The items of damages allowed by the trial *1382 court would form a community claim and there is no error in the award being made to the husband and wife jointly.
Plaintiffs-appellants complain that the trial court erred in finding their damages non-compensable.
In the trial court plaintiffs sought damages for:
(1) Lost administrative time in dealing with the problems caused by the leaking water system;
(2) Lost profit because of decreased sales and the additional cost of money and lost capital;
(3) Lost reputation, humiliation, and embarrassment;
(4) Out of pocket expenses for ditch repair and stabilization.
Plaintiffs do not seek to separate the damages incurred by George Koncinsky, Inc., as a result of breach of contract from those sustained by George and Helen Koncinsky, individually as a result of tort. They merely argue that the parties are entitled to recover all damages sustained as a result of the water system whether in tort or contract.
The trial court discussed each item of damages first with regards to George Koncinsky, Inc., and the breach of contract claim and secondly with regards to George and Helen Koncinsky and the tort claim. The lower court found that George Koncinsky, Inc., was unable to prove any damages resulting from the breach of contract. As to the tort claim the individual plaintiffs George and Helen Koncinsky were awarded the sums of $1,250.00 for lost administrative time and $1,917.10 for out of pocket expenses for a total of $3,167.10.
Contract Damages of George Koncinsky, Inc.
LSA-C.C. art. 1934 provides that in a breach of contract action the plaintiff is entitled to recover as damages the amount of loss he has sustained and the profit of which he has been deprived. Plaintiff has the burden of proving the damage he suffered as the result of the breach of contract. Campbell v. LeLong Trust, 327 So.2d 533 (La.App. 2nd Cir. 1976), writ denied, 331 So.2d 494 (La.1976).
As to the damages incurred as a result of lost administrative time we agree with the trial judge that this item of damage is personal to George Koncinsky and is not recoverable by George Koncinsky, Inc., in a contract action.
Recovery by the corporation for lost profits was disallowed by the trial court because the sole proof offered to establish this item of damage consisted of the joint income tax returns of George and Helen Koncinsky. We agree that the income tax returns of the individual plaintiffs are not adequate proof of damage to George Koncinsky, Inc.
Plaintiffs attempted to prove loss of reputation through the testimony of subdivision residents. The testimony adduced dealt with the standing of George Koncinsky in the community. The testimony was not directed at the reputation of George Koncinsky, Inc. We agree with the trial court that the corporation was unable to prove damage to its reputation. Moreover, under Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), these damages are not awardable in an action for breach of this type of contract.
Plaintiffs claimed damages for out of pocket expenses. Cancelled checks on the account of George Koncinsky Realtor Builder were offered to prove these expenses. We agree with the trial court that these checks do not prove a loss to George Koncinsky, Inc.
The law is clear that a plaintiff is unable to recover damages in a breach of contract action absent definite proof of damages. Plaintiff George Koncinsky, Inc., is not entitled to recover damages for breach of contract because it was unable to carry the burden of proving the damages sustained as a result of the breach.
Tort Damages of George Koncinsky and Helen Koncinsky.
Under LSA-C.C. art. 2315 a party who has been injured as a result of an *1383 offense or quasi-offense is entitled to recover for any damages caused by the fault of the tort feasor. Nelson v. Hawkins, 244 So.2d 656 (La.App. 2nd Cir. 1971). A plaintiff has the burden of proving by the preponderance of the evidence the damages caused by a defendant's fault. Proof of damages may be either direct or circumstantial. Evidence constitutes a preponderance when, on the whole, it shows the facts sought to be proved are more probably true than not. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971). When it is clear that a plaintiff has sustained some damages as a result of the fault of the defendant his demands will not be rejected merely because he cannot establish exactly the amount of damages suffered. Damages to business and reputation which are not susceptible of appraisal by any standard or measurement are left to the discretion of the trier of fact.
Plaintiffs seek to recover damages for lost administrative time expended in dealing with problems created by the leaky water system. Plaintiff George Koncinsky averaged his taxable income over a four year period and arrived at a value for one hour of his time. Plaintiff multiplied this value by the estimated number of hours spent by him in attending to the problems. The sum claimed for lost administrative time was $1,634.15 (51.34 lost hours × $31.83 per hour). The trial court disapproved of this formula based on plaintiff's taxable income and "guestimation" but awarded $1,250.00 for lost administrative time. We do not consider this award to be an abuse of the discretion of the trier of fact. LSA-C.C. art. 1934. We will affirm this award.
Plaintiffs maintain they are entitled to recover for lost profits caused by decreased sales and increased costs. Lost profits resulting from an offense or quasi-offense must be proved with reasonable certainty. Damages will not be allowed where the lost profits are purely conjectural. New Orleans Shrimp Co., Inc. v. Duplantis Truck Lines, Inc., 283 So.2d 521 (La.App. 1st Cir. 1973). The sum claimed for lost profits is $27,538.81. Appellants base this figure on Koncinsky's expectations of selling sixty-five lots over a three-year period (21.6 lots per year) and taxable income figures as reflected by the Koncinskys' joint income tax returns. Koncinsky argues that he was able to sell twenty-five lots in 1974 but was only able to sell six lots in 1975 and twelve lots in 1976. Plaintiff maintains that he was unable to sell these lots because the defective water system made the lots undesirable to the buying public. The trial court felt that the proof offered was insufficient to substantiate a claim for lost profits. We agree with the lower court that there are many factors which could have contributed to Koncinsky's inability to sell these lots and feel that the plaintiffs are unable to causally relate decreased sales of lots to defendant's tortious conduct.
Plaintiffs urge this court to award damages for injury to the reputation of Koncinsky and his subdivision and for humiliation and embarrassment. The trial court found that the testimony of the witnesses at trial did not establish that Koncinsky suffered a loss of reputation in the community as a result of the problems with the water system. We are of the opinion that the record indicates Koncinsky suffered damages to his reputation. Mrs. Frances Webb, a subdivision resident since November of 1974, testified that she had heard Koncinsky's reputation discussed and that it was "bad" as a result of the water system problems. Mr. Thomas Yonker, a resident since July of 1974, testified that prior to the time he moved into the subdivision he heard Koncinsky's reputation discussed and that these discussions led him to believe that Koncinsky "was one of the more reputable, experienced and expert builders in this area." Tr. 500.
Mr. Yonker was questioned concerning the reputation of the subdivision and the reputation of Mr. Koncinsky as a developer after the occurrence of the water system problems in the subdivision. His replies are not exceptionally forceful or graphic and appear to disclose some hesitation or reservations on his part at least insofar as Mr. *1384 Koncinsky personally was concerned. As recorded on pages 503 and 506 of the transcript his testimony was as follows:
"Q Had you ever heard the reputation of the subdivision discussed after the leaks which you just described?
A Yes, sir.
Q All right, sir. And what, at that time, was the reputation of the subdivision as you heard it discussed?
A It was not as good as in the earlier years.
Q Had you, after the leaks which you have described heard the reputation of Mr. Koncinsky as a developer discussed?
A I have difficulty recalling an exact discussion of Mr. Koncinsky's reputation as a developer.
Q Did you hear his reputation discussed after that time?
A Yes.
* * * * * *
Q All right, sir. Did you ever hear Mr. Koncinsky's reputation as a developer or in connection with any of his activities as a developer discussed after the leaks in question?
A Yes.
Q And what-in what connection was his reputation discussed?
A In connection with the water system.
Q At that point in time, was his reputation good or bad?
A Mr. Koncinsky's reputation was less good than it had been earlier. It would be-I would be overstating it to say that it was bad." (Emphasis supplied)
The original petition sought damages for loss of reputation and public confidence. By subsequent amendment there was added to this itemization "lost administrative time, embarrassment and humiliation in investigating, explaining and solving problems associated with water leaks in Choctaw Hills". Paragraph XIII of the petition set forth these allegations:
"The constant leakage and interruption of water service in Choctaw Hills Subdivision has subjected Koncinsky, both corporately and personally, to harassment by its residents and has injured, diminished and damaged the otherwise excellent reputation of the subdivision and its developer."
The trial court found that proof of loss of reputation or humiliation and embarrassment was lacking. The trial court stated that as a consequence this claim was not justified. We agree that the proof is not strong, but we nevertheless feel that the record discloses that the personal reputation of Mr. Koncinsky was affected to his detriment. We also think the record establishes that Koncinsky experienced humiliation and embarrassment. Tr. 550, 558, 562-564, 598-600 and 606. Therefore, we reverse the trial court insofar as it denies Koncinsky individually any recovery for his loss of reputation, humiliation and embarrassment. A corporation was interposed between George Koncinsky individually and the contractor, A. V. Smith Construction Company, Inc., however, the name of the plaintiff corporation was George Koncinsky, Inc., and George Koncinsky individually was personally identified with the corporation which undoubtedly operated to cause the public to make no distinction between the two. Moreover, it should be noted that Koncinsky individually was the person who personally received and dealt with complaints.
While we have little evidence as to the degree of feelings experienced by Koncinsky in this regard, we will allow him the sum of $2,000 to compensate him for these losses.
Plaintiffs also claimed $1,917.10 as out of pocket expenses occasioned in repairing the ditches and for other stabilization work. These expenses are recoverable as costs of restoration and the trial court found they were adequately proved by invoices and cancelled checks drawn on the account of George Koncinsky Realtor Builder. As we find no manifest error in this holding, we will affirm this award.

*1385 EXPERT WITNESS FEES
Plaintiffs-appellants complain that the trial court failed to fix and award expert witness fees for three expert witnesses. Such expert witness fees are fixed by the court "with reference to the value of time employed and the degree of learning or skill required." LSA-R.S. 13:3666. Since there is no evidence in the record as to the amount of time spent by these witnesses or the value of their time, we think the trial court is in a better position to fix these fees. Plaintiffs-appellants should proceed by rule in that court to tax these fees as costs.

COSTS
The appellants and appellees in this case both suggest that the other party should bear all costs of this litigation. The trial court assessed one-half of the costs to each party.
LSA-C.C.P. art. 2164 gives this court authority to "... tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable." LSA-C.C.P. art. 1920 gives the trial court the authority to tax costs in that court in a manner it considers equitable. Our jurisprudence has interpreted Article 1920 to vest much discretion in the trial court in assessing costs. A change in the trial court's imposition of costs can be made by the appellate court only when the trial court has abused its sound discretion. We find no abuse of discretion by the trial court in assessing one-half of the costs to each party.

CONCLUSION
The trial court awarded the sum of $3,167.10 covering loss of administrative time and out of pocket expenses to "plaintiffs George Koncinsky, individually, and Helen Koncinsky." We see no error in including Mrs. Koncinsky in the award although she proved no loss or damage which was peculiar to her. As these were community claims, Mrs. Koncinsky had as much interest in recovery as her husband. Inasmuch as the award of damages for loss of reputation, humiliation and embarrassment were peculiar to Koncinsky we will make the award to him.[1]
For the foregoing reasons we affirm the judgment of the trial court except insofar as it denies recovery to George Koncinsky for loss of reputation, humiliation and embarrassment, and as to that denial the judgment of the trial court is reversed.
It is now therefore ordered, adjudged and decreed that in addition to the recovery allowed in the trial court's judgment that there be judgment herein in favor of George Koncinsky, individually, and against defendant A. V. Smith Construction Company, Inc., in the full sum of $2,000.00, together with legal interest therein from date of judicial demand until paid.
Costs of this appeal are cast one-half to plaintiffs-appellants and one-half to defendant-appellee.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
NOTES
[1] This disposition may be academic in view of former Article 2334 of the Louisiana Civil Code under which a husband's action for damages resulting from offenses and quasi-offenses were designated as community property. This article has been replaced by new Article 2344 of the Louisiana Civil Code which provides otherwise. Section 1 of Act No. 709 of 1979 of the Louisiana Legislature.