DOMENGEAUX, Judge.
This suit arose out of a contract of lease entered into between plaintiff-appellant, Reven L. Fontenot, and defendants-appel-lees, Memphis Farms, Inc. and J.R. Young. Plaintiff claimed breach of contract and asked for damages allegedly resulting therefrom. Defendants (hereinafter referred to in the singular) reconvened claiming damages as a result of the plaintiff’s nonperformance of his obligation under the terms of the lease. The jury rejected the claims of both parties. Plaintiff has appealed, defendant has answered the appeal, and we affirm.
FACTS
The plaintiff leased some 1,324 acres of farm land in Avoyelles Parish, Louisiana, from the defendant on a share crop or percentage basis. The lease agreement provided that plaintiff would plant rice on the land and the defendant was to receive 35% of the crop as rent. The lease further provided that defendant — lessor was to furnish two water wells on the property for the plaintiff-lessee’s use.[1] The fact that defendant did not furnish these wells is the basis of this lawsuit, as plaintiff claims that the absence of the water wells caused him damages totalling approximately $250,-000.00.
ARGUMENT
Basically, plaintiff claims that due to a lack of sufficient water, his crop fell below the expected yield, and the rice which was harvested was of a substandard grade. The defendant takes a contra position, un- *199 ing that the water shortage, if indeed there was one, played no part in the reduction of yield or the inferior quality of the rice crop. There is evidence in the record supportive of both positions.
As to plaintiffs contention, most of his evidence consisted of the testimony of Mr. David E. Black, who is an agricultural consultant with special emphasis in the area of rice cultivation. Mr. Black was accepted by the Court as an agricultural expert, after which he testified that from his observance of the crop, the rice had suffered due to a lack of water.
To oppose this position the defendant offered evidence that, if indeed the crop was poor for the area and year involved,[2] any damage done to the appellant’s crop was caused by other factors. First, defendant contends that the rice was planted too late. There was evidence in the record that plaintiff planted some of his rice on June 27, June 29, and July 6. These dates are important because the evidence, including expert testimony, established that for the best yield, rice should be planted before April 15th.[3] Secondly defendant contends that the deviation in elevation of appellant’s fields contributed to the allegedly poor outcome of the rice crop. The record establishes that a variation between 2.4 and 3 inches in a field’s[4] elevation is the optimum deviation for growing rice. The result of the elevations measured by a civil engineer show some of plaintiff’s fields differed as much as 12 to 16 inches in elevation. Mr. Black, plaintiff’s own expert, testified that “12 inches is too much.” Thirdly, defendant claims that because plaintiff was late in his planting, overall the fields were hastily prepared. Defendant further claims that plaintiff’s water needs were adequately provided for by the water from a nearby bayou and from water acquired from a neighboring farmer.
It is thus clear that there is evidence in the record to support the contentions of both parties. Nevertheless “the plaintiff has the burden of proving the damage he suffered as a result of the breach of contract. Campbell v. Lelong Trust, 327 So.2d 533 (La.App. 2nd Cir.1976), writ denied, 331 So.2d 494 (La.1976); Koncinsky v. Smith, 390 So.2d 1377 (La.App. 3rd Cir.1980).” (Emphasis added).
Although plaintiff did offer some evidence of this fact, the jury decision indicates it did not. believe, if in fact it believed plaintiff has suffered any damage, that these damages resulted from the breach. An “appellate court should not disturb such a finding of fact unless it is clearly wrong.” Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). We cannot say that the jury determination in this case was clearly wrong.
Likewise the jury’s denial of recovery on defendant’s reconventional demand indicates that the jury did not believe he sustained his burden either.[5] Because there is evidence supportive of both sides we cannot say that this determination is clearly wrong any more than we can say that the factfinders’ determination was clearly wrong on the main demand. The jury simply did not believe either party proved that they suffered damages as a result of the other’s acts or omissions.
*200 DECREE
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs on appeal are assessed against plaintiff-appellant, Reven L. Fontenot.
AFFIRMED.

. The lease between the parties provides:
"Lessors shall at their expense do the following, to-wit:
Timely furnish all of the water necessary to make the crop and thirty-five (35%) per cent of chemicals to be used in making of said crop; furnish two (2) pumps and two (2) water wells, one of which is to be an eight (8") inch well and the other a fourteen (14") inch well; one (1) of said wells is to be available and in operation not later than ten (10) days from the date hereof, and the other is to be available and in operation not later than fifteen (15) days from the date hereof; shall at all times maintain said water wells and furnish fuel for same; furnish all canals, canal levies and piping necessary to control water in the making of said rice crop; timely rework and maintain all of said canals. Water wells are to be operated by Lessee.”

. Mr. Carlton Aguillard, after being accepted by the Court as an expert in the area of rice production, testified that his land adjoins the defendant's property and that in the year in question he produced only about Moths of a barrel more per acre than the plaintiff. Mr. Aguillard further testified that he had all the water he wanted or needed during the year in question.

. Defendant’s Exhibit-8, a brochure of the Louisiana Co-Operative Extension Service directed to Louisiana rice producers provides that the most desirable planting days in South Louisiana range from March 20 through April 15, and in North Louisiana from April 1 through April 15. It concludes that plantings made in June suffer considerable reduction in yield.

. As used among rice producers the term "field” means that area enclosed within one levee.

. It is not clear if the defendant assigns as error the jury’s determination on his reconventional demand, for although he summarily discusses this in his brief, in conclusion he states: “The jury found the parties were even. It is submitted their verdict is manifestly correct.” Therefore, it seems that defendant agrees with the findings of the jury.