451 So.2d 1235 (1984)
Mrs. Marie Lopez OLLER and Haydee Oller
v.
SHARP ELECTRIC, INC., ABC Insurance Company, Frischhertz Electric Company, Inc., Def Insurance Company, Edward M. Alba & Associates, Inc., JKL Insurance Company, et al.
No. CA 1597.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
Gregory J. Avery, R. Ray Orrill, Jr., Orrill & Avery, New Orleans, for plaintiffs-appellants.
James P. Farwell, Charles L. Chassaignac, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendants-appellees.
Before SCHOTT, LOBRANO, and WARD, JJ.
*1236 SCHOTT, Judge.
On September 5, 1979, Oscar Oller, an employee of the University of New Orleans, was cleaning weeds and brush on an athletic field at the university when he fell from the front loader of a tractor onto a rod protruding from a light standard foundation. He was fatally injured, and suit was filed by his survivors against the university and several contractors, including Sharp Electric, Inc. In June, 1978, Sharp had contracted with the university to construct several light standard foundations on the field. This work was to be followed up with subsequent contracts between the university and others to install the light standards on the foundations built by Sharp. Sometime after Sharp completed its work the Sharp contract was accepted by the university in June, 1979. The case is before us on plaintiffs' appeal from a summary judgment dismissing their suit against Sharp. The issue is whether or not, as a matter of law, a contractor may be liable to a third person because of a hazard built by the contractor, even though the work was done in accordance with the owner's specifications, the work was accepted by the owner, and the third person was injured some time thereafter.
In support of the summary judgment, Sharp relies principally on Norman v. Sorrel, 391 So.2d 496 (La.App. 3rd Cir.1980) writs refused, 396 So.2d 1325. There plaintiff fell from a scaffold when one of the scaffold's legs fell into an unguarded drain hole in the work site floor. The hole was in a concrete floor poured by the defendant a year before the accident. In granting defendant's summary judgment the court held that even assuming defendant owed a duty to plaintiff to cover the drain hole, "it hardly seems reasonable to hold that such a duty persisted for over a year afterward." Noting that some hazards will necessarily exist on a construction site, the court felt it was the owner's ultimate responsibility to protect third parties from such hazards. The court observed:
"... We simply hold that if defendant ever owed a duty, the breach of which caused plaintiff's accident and injury, the duty came to an end before the accident occurred." 391 So.2d at page 498.
We have resolved that the Norman case does not control the result in this case. Instead, we regard Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958) as authority for a reversal of the trial court's judgment under the circumstances of this case. There, a gas explosion occurred on January 27, 1955, as a result of a defect in a sewerage collection system constructed by defendant for the Town of Jena. The work had begun in November, 1953, and was accepted by the town as completed on December 14, 1954. Imposing liability upon the contractor under LSA C.C. Arts. 2315 and 2316, the court held:
"By these articles plaintiff is entitled to be indemnified by Mason for damages sustained as the result of his negligent and imprudent acts committed in the performance of his contract. The obligation imposed thereby is unconditional and unequivocal. Whatever damages one may cause or occasion to another obliges the actor to repair it. This duty is not contingent upon the condition that the injury be inflicted or damage be done prior to completion of the work undertaken or its acceptance by the owner.
Manifestly, these codal articles do not contemplate conditional responsibility, and to so hold, as Mason seeks to have us do, without supporting authority, would be violative of the positive and all inclusive language employed in these articles...." 90 So.2d at page 113.
In Marine Insurance Company v. Strecker, 234 La. 522, 100 So.2d 493 (1958) the court considered the question whether the tenant of a building owner can maintain a tort action against a contractor to recover damages caused to the tenant by the fall of a cabinet installed by the contractor for the building owner. The court answered this question affirmatively, observing:
"... If the act of the contractor causes damage and he is at fault, he is under an obligation to the injured party to repair *1237 the damage under Article 2315 of our Civil Code, and the injured party has a right of action to enforce the obligation imposed by this article ..." (100 So.2d at page 496)
On rehearing the court reaffirmed its holding citing the Kendrick case and the language quoted above from that case.
The present case is before us on a summary judgment which was properly granted only if there is no genuine issue of material fact considering the pleadings and other documents of record. C.C.P. Art. 966. In their pleadings plaintiffs allege that the foundation with the vertically protruding rod was a trap which should have been flagged and/or covered over by Sharp. Whether Sharp had any such duty may depend on other undisclosed facts such as the knowledge Sharp may have had as to how long the foundations would remain in the condition it was leaving them before the light standards would be placed on them. Because it is conceivable that the facts may support a valid legal theory of liability on Sharp and because such facts have not been foreclosed on we have concluded that the summary judgment was erroneously granted. This conclusion is bolstered by the principle that the court in considering a motion for summary judgment should resolve every reasonable doubt against the mover. Burke v. Occidental Life Ins. Co. of Cal., 416 So. 177 (La.App. 4th Cir.1982).
We do not suggest that plaintiffs can or should prevail on the merits of the case. But a summary judgment is not to be used as a substitute for a trial on the merits. The court should not seek to determine whether it is likely the mover will prevail on the merits but rather whether there is an issue of material fact. Frye v. Texas Brine Corp., 425 So.2d 310 (La.App. 3rd Cir.1980). Our conclusion is that the question of Sharp's liability is factual. The record, including the deposition of the university's Vice-Chancellor, leaves for resolution genuine issues of fact pertaining to whether Sharp's leaving the foundation exposed constituted negligence under all the circumstances of the case.
Accordingly, the summary judgment in favor of Sharp Electric Company, Inc. dismissing plaintiffs' suit is reversed and set aside. The case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Sharp Electric Company, Inc. with the assessment of other costs to await the case's outcome.
REVERSED AND REMANDED.