DOUCET, Judge.
On September 30, 1983, Willie Hall was filming a football game from the roof of the press box of the stadium of Peabody Magnet School located in Alexandria, Louisiana. As he descended a ladder from the top of the press box, he fell approximately 60 feet to the ground. The injuries Hall received resulted in his death a few hours later.
This suit for damages was filed by Hall’s survivors against the Rapides Parish School Board, the owner of the stadium, the contractor who built the stadium, the architects who designed the structure and others. The plaintiffs allege that the defendants were negligent in the design and construction of the stadium and negligently failed to inspect and discover a dangerous and defective condition of the premises. There were other general allegations of negligence.
The construction of the stadium began in 1973 with Ratcliff Construction Company, Inc. as the contractor. The structure was completed and the work was accepted by the School Board in August, 1974. This accident occurred nine years later, 1983.
The trial court granted a summary judgment in favor of Ratcliff dismissing the plaintiffs’ demand against it. From this judgment the plaintiffs appeal. We affirm.
The issue for our review is whether, based upon the pleadings and depositions filed by the parties, a genuine issue of *818 material fact was presented and whether Ratcliff is entitled to a judgment as a matter of law.
In support of his summary judgment, the trial judge relied on a case from this court, Norman v. Sorrel, 391 So.2d 496 (La.App. 3rd Cir.1980), writs refused, 396 So.2d 1325 (La.1981).
There, the plaintiff was injured when he fell from a scaffold when one of the scaffold legs fell into an unguarded drain hole in the work site floor. The hole was in a concrete floor that had been poured by the defendant contractor about a year before the accident. In its granting of the summary judgment, this court held as follows:
“We simply hold that if defendant ever owed a duty, the breach of which caused plaintiffs accident and injury, the duty came to an end before the accident occurred [one year after the concrete was poured].”
The court stated that any duty the defendant may have had to cover the drain holes could not have persisted for over a year. After a reasonable amount of time, any duty that the contractor might have owed to guard the drain hole would cease, and it would become the sole duty of the owner to discharge any duty that may be required.
In the case at hand, approximately nine years passed between the time the stadium was accepted by the School Board and the time of the accident. If Ratcliff owed any duty, the breach of which caused the deceased’s injuries and death, such a duty came to an end long before the passage of nine years. Any remaining duty that may be required after the passage of a reasonable time would be that of the owner of the stadium. In making these observations we do not express any opinion as to the duties that the owner, the School Board, may have owed. We simply hold that any duty that may have been owed by Ratcliff had ceased long before the accident in question.
The plaintiffs contend that the following cases are applicable and that the trial court should be reversed: Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958); Marine Insurance Company v. Strecker, 234 La. 522, 100 So.2d 493 (1957); Oiler v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4th Cir.1984), writs den., 457 So.2d 1194 (La.1984).
We have examined these cases and find that the passage of time was not an issue in either of the cases. In Kendrick and Marine Insurance Company, the accidents occurred within a few months of completion of the work and, in Oller, the time is not shown but no issue was made of the passage of time. This distinguishes those cases from the case at hand.
The plaintiffs in this case have made no showing that there exists a genuine issue of material fact. Thus, Ratcliff’s motion for summary judgment was properly granted.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by the plaintiffs-appellants.
AFFIRMED.