NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-310


BASS, LTD.

VERSUS

CITY OF NEW IBERIA, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 118772
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED IN PART AND REVERSED IN PART.**

**Alan K. Breaud**
**Breaud & Meyers**
**600 Jefferson St., Suite 1101**
**Lafayette, LA 70502**
**(337) 266-2200**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Bass, Ltd.**

**Allan Leland Durand**
**235 La Rue France**
**Lafayette, LA 70508**
**(337) 237-8501**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Segura Enterprises, Ltd.**

**Theodore Michael Haik, Jr.**
**Haik, Minvielle & Grubbs**
**P. O. Box 11040**
**New Iberia, LA 70562-1040**
**(337) 365-5486**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **City of New Iberia**

**Jeremy A. Hebert**
**Becker & Hebert, L.L.C.**
**910 Harding Street**
**Lafayette, LA 70503**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Spanish Towne Investments, LLC**

**EZELL, Judge.**

Segura Enterprises, Ltd. and Spanish Towne Investments, LLC appeal the decision of the trial court below awarding Bass, LTD. $40,000 in damages for breach of right of first refusal. For the following reasons, we hereby reverse the decision of the trial court awarding damages to Bass.

On January 12, 2000, Segura Enterprises and Bass executed a "Lease" to construct and maintain a billboard in the city limits of New Iberia, Louisiana. The lease provided a term of fifteen years. Afterwards, Bass constructed a double-sided billboard on the north side of U. S. Highway 90. The lease describes the property only as:

> 114 U. S. Huy [sic] 90 West  New Iberia LA
> See Attached for Exact Location
>
> **Location of property:** The leased property is located on the (N,S,E,W) _E_ side of Highway 90 +,/-150 (distance), (N,E,S,W) N, of (Highway or Landmark) AVERY ISLAND RD in the city of NEW IBERIA, in the Parish IBERIA, in the State of LA.

Stephen Sonnier drafted the lease in his capacity as owner/manager of Bass and submitted the lease to Perry J. Segura, Manager of Segura Enterprises. The lease contains a provision making the lease a part of any sale of the property:

> **6.  Becomes Part of Sale or Lease of Property:** This Lease shall become a part of any transaction which constitutes the sale and/or lease of the described property herein and this execute [sic] and recorded lease shall be transferred to the new owner(s) or lessee(s), in the event of any change of ownership of the described property, Lessor agree [sic] to notify the Lessee promptly of such changes and Lessor also agree [sic] to give the new owner formal written notice of the existence of the lease.

The lease further contains the following provision regarding right of first refusal:

**7. Right of First Refusal to Purchased Leased Property:** Lessee has the right and first of refusal to purchase from the Lessor the described leased property in whole or part upon which the advertising structure(s) is located for the sum no greater than the sales price to the interested purchaser.

Finally, the lease also contained a clause which read:

**13. Cancellation of Lease by Lessor:** The Lessor shall have the right to cancel this lease if the following condition exists:
In the event the advertising display erected on described property interferes with a construction or renovation project or prevents the Lessor from selling and/or leasing the property upon which the advertising structure is located, for any purpose other than outdoor advertising, as evidenced by a building permit or lease or sale contract to be presented to Lessee for inspection. If any of the described leased property is not utilized for such building or renovation or part of the property is not to be sold or leased, the Lessee has the option to use the remaining portion on the same terms. If Lessor does cancel this lease, Lessor agrees to refund to the Lessee any prorated yearly rent previously paid for the unexpired portion of this lease. Lessee agrees to remove the advertising structure within ninety (90) days of written notice to Lessee of the Lessor's cancellation of lease.

Bass recorded the lease in the public records of Iberia Parish, and New Iberia issued a permit to Bass to operate the billboard.

In October 2006, Segura Enterprises sold the subject property to Spanish Towne. Segura Enterprises did not notify Bass of the sale. Bass did not discover the sale of the property until roughly March 22, 2007, when it attempted to pay Segura Enterprises its yearly lease payment. Bass did not assert any right under the lease against Segura Enterprises or Spanish Towne, or otherwise challenge the sale in any way. Instead, Bass forwarded payments due under the lease to Spanish Towne, cooperating with Spanish Towne to the point of trading advertising space for yearly rent.

On or about February 16, 2009, Spanish Towne sold and transferred properties including the leased land to the City of New Iberia. Like Segura Enterprises before it, Spanish Towne did not inform Bass of the sale. Bass became

2

aware of the sale to the City about December 2009. Again, Bass did not challenge the sale to the City in any way, once more submitting lease payments to the City in early 2011 in lieu of challenging the sale. The City, however, refused the tender of lease payments.

On April 6, 2011, the City refused to issue a permit for Bass to operate the billboard. Bass also received correspondence dated April 20, 2011 and May 17, 2011, from the City canceling the lease and requesting that Bass remove its billboard from the leased property because the billboard interfered with a municipal construction project. In turn, Bass sued for mandamus, declaratory judgment, and damages against the City and Spanish Towne; seeking to require the City to renew the operating license for the billboard; specific performance of the right of first refusal contained within the lease; and alternatively, damages for breach of contractual rights.

Shortly after preliminary proceedings, Bass filed Chapter 11 Bankruptcy in the U.S. Bankruptcy Court. During the bankruptcy proceedings, the parties continued to litigate, including an amendment by Bass adding Segura Enterprises as a defendant.

After a trial on the matter, the trial court issued declaratory judgments stating that Bass had a valid and enforceable lease, the right to continue operating the billboard, and the right to relocate the billboard to a portion of the property not interfering with the municipal construction property. The trial court also issued a writ of mandamus ordering to the City to renew/reissue the necessary permits to operate the billboard. The City has not appealed those decisions. The trial court further held that Segura Enterprises and Spanish Towne breached their contractual obligations of right of first refusal to Bass and awarded Bass $40,000 in damages

3

against them, in solido. From that decision, Segura Enterprises and Spanish Towne appeal.

On appeal, Segura Enterprises asserts eight assignments of error and Spanish Towne asserts five assignments of error. However, since we find one assignment of error common to both Appellants compelling, we need only address their assignments of error concerning damages.

A trial court's finding of fact may not be reversed absent manifest error or unless it is clearly wrong. *Stobart v. State, through Dep't of Transp. and Dev.,* 617 So.2d 880 (La.1993). "The [trial court's] determination of the amount, if any, of an award of damages . . . is a finding of fact." *Ryan v. Zurich Am. Ins. Co.,* 07-2312, p. 7 (La. 7/1/08), 988 So.2d 214, 219. The reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's findings, it must instead "review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous." *Stobart,* 617 So.2d at 882. The issue to be resolved on review is whether the fact finder's conclusion was a reasonable one, not whether it was right or wrong. *Id.* "'[T]he reviewing court must always keep in mind that 'if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.''" *Id.* at 882-83 (quoting *Housley v. Cerise,* 579 So.2d 973, 976 (La.1991) (quoting *Sistler v. Liberty Mut. Ins. Co.* 558 So.2d 1106, 1112 (La.1990)).

It is undisputed that all sellers and purchasers of the property failed to comply with Bass' right of first refusal to the property. However, there is no evidence in the record before this court that Bass suffered any actual damages, let

alone the extent of any damages allegedly suffered. The only evidence at all concerning costs incurred by Bass was the assertion by Mr. Sonnier that he had paid roughly $40,000 to move signs in the past. The trial court allowed no evidence of any kind regarding any specific costs of relocation of this particular sign, and we cannot find any of the exclusions to be an abuse of the trial court's discretion.

Because the City did not appeal challenging the validity of the lease, it remains in effect against the City. The lease unequivocally allows the billboard to be moved if it interferes with any construction projects, which it undisputedly did. However, the lease, which was drafted by Bass, was silent as to who would bear the cost of any required relocation of the sign. The trial court was well reasoned in its analysis of this issue, stating in its reason for judgment:

> Although the Lease states that the sign may be relocated on the described property, it is silent about who shall bear the costs and/or expenses. When the parties do not provide for a particular situation, we must assume that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose. LSA-C. C. art. 2054.
>
> La. Civil Code Article 2695 provides as follows:
>
> In the absence of contrary agreement, upon termination of the lease, the rights and obligations of the parties with regard to attachments, additions, or other improvements made to the leased thing by the lessee are as follows:
>
> > (1) The lessee may remove all improvements that he made to the leased thing, provided that he restore the thing to its former condition.
> >
> > (2) If the lessee does not remove the improvements, the lessor may:
> >
> > > (a) Appropriate ownership of the improvements by reimbursing the

5

lessee for their costs or for the enhanced value of the leased thing whichever is less; or

(b) Demand that the lessee remove the improvements within a reasonable time and restore the leased thing to its former condition. If the lessee fails to do so, the lessor may remove the improvements and restore the leased thing to its former condition at the expense of the lessee or appropriate ownership of the improvements without any obligation of reimbursement to the lessee. Appropriation of the improvement by the lessor may only be accomplished by providing additional notice by certified mail to the lessee after expiration of the time given the lessee to remove the improvements.

(c) Until such time as the lessor appropriates the improvement, the improvements shall remain the property of the lessee and the lessee shall be solely responsible for any harm caused by the improvements.

Under section 9 of the Land Lease Agreement, if the Lessee cancels the lease, the Lessee has the right to remove, at his expense and discretion, aboveground structures and abandon below ground or substructures. Under section 13, if the Lessor cancels the Land Lease Agreement, the Lessee receives a pro rata refund on the remainder of any unexpired term of the lease and the Lessee retains the right to remove, at his expense, the structure within ninety (90) days.

Therefore the Land Lease Agreement is not a substantial departure from Civil Code article 2695 which places the burden on the Lessee to remove his property at his expense or suffer loss of ownership if not removed within a reasonable period of time. The Land Lease Agreement does not shift the burden of removal of the structure when the Lessor requests removal or relocation of the structure for purposes of renovation or new construction. Therefore, the City must bear its cost of new construction or renovations and Bass must bear the cost of relocation of its outdoor advertising structure.

6

Additionally, as the drafter of the lease, any ambiguity in the contract is interpreted against Bass. La.Civ.Code art. 2056. We, therefore, agree with the trial court that Bass is responsible for the costs of relocating its sign under section thirteen of the lease. Accordingly, the cost of that relocation is not a damage suffered from the breach of the right of first refusal but an obligation Bass incurred by the very terms of the lease it drafted.

Moreover, a plaintiff has the burden of proving the damage he suffered as the result of the breach of contract. *Campbell v. Lelong Trust*, 327 So.2d 533 (La.App. 2 Cir.), *writs denied*, 331 So.2d 494, 496 (La.1976). "The law is clear that a plaintiff is unable to recover damages in a breach of contract action absent definite proof of damages." *Koncinsky v. Smith*, 390 So.2d 1377, 1382 (La. App. 3 Cir. 1980).

Beyond the alleged relocation cost, there is no evidence or testimony whatsoever of any damages suffered by Bass as a result of the breaches of its right of first refusal. The trial court correctly noted in its reasons for judgment that Bass put on no evidence of any real estate values at all. There was no testimony concerning the size of any parcel that could or would have been sought, where that parcel would have been located, the cost of what that land may have been, or the value of the hypothetical parcel versus the cost of moving the sign. In fact, the only evidence in the record of the value of the property in dispute is evidence put on by the Defendants that the land sold for $1.2 Million to Spanish Towne and $1.34 million to the City, far exceeding the alleged cost of moving the billboard.

It is clear from reading the record before this court that Bass put on no evidence of any actual damages suffered. Accordingly, Bass is not entitled to recover damages for breach of right of first refusal because it was unable to carry

the burden of proving the damages sustained as a result of the breach. The trial court's finding concerning damages was, therefore, unreasonable in light of the record before this court and is clearly wrong. Accordingly, we reverse the trial court's award of $40,000 to Bass.

Finally, Spanish Towne also had a persuasive argument concerning third-party notification of the lease under the public record doctrine, and both Spanish Towne and Segura Enterprises had compelling arguments concerning Bass' behavior constituting waiver of the right of first refusal. However, as we find that there was no proof of damages and reverse on those grounds, we find these assignments of error to be moot and need not address these, nor the multitude of other assignments of error asserted by the Appellants.

For the above reasons, we hereby reverse the decision of the trial court awarding Bass $40,000 for breach of right of first refusal. The decision is affirmed in all other aspects. Costs of this appeal are hereby assessed against Bass, LTD.

**AFFIRMED IN PART AND REVERSED IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.