391 So.2d 496 (1980)
Francis J. NORMAN, Plaintiff-Appellant,
v.
Solonge E. SORREL et al., Defendants-Appellees.
No. 7805.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
Rehearing Denied January 2, 1981.
*497 Roy & Forrest, David Kaufman, New Iberia, for plaintiff-appellant.
Burton E. Cestia, Jr., New Iberia, Davidson, Meaux, Sonnier & Roy, J. J. Davidson, III, Voorhies & Labbe, W. Gerald Gaudet, Lafayette, Caffery, Oubre, Gibbens & Blackwell, J. Louis Gibbens, New Iberia, Allen, Gooch & Bourgeois, Joel E. Gooch, Pugh & Boudreaux, Donlon Pugh, Lafayette, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
STOKER, Judge.
The plaintiff-appellant, Francis J. Norman, brought this suit to recover damages sustained as a result of a fall from a scaffold where he was performing work as an electrical helper, against the defendant-appellee, Ronald J. Fremin, and several other defendants who are not before this court on appeal. The trial court granted a summary judgment in favor of the defendant-appellee dismissing the plaintiff's demand against him. From this judgment, the plaintiff-appellant appeals. We affirm.
The sole issue for our review is whether, based on the pleadings, depositions, and other evidence filed by the parties, a genuine issue of material fact was presented, and whether Fremin is entitled to a judgment as a matter of law.
The plaintiff's injuries resulted when the leg of the scaffold he was working on fell into an unguarded drain hole in the work site floor, causing the scaffold to topple and the plaintiff to fall.
The hole was located in a concrete slab that the defendant, a concrete contractor, poured about a year before the plaintiff's fall. The slab was poured pursuant to specifications of Klein-Deco (owner of the building) which called for two, two-inch drain pipes to be located in the middle of each half of the slab. The drain pipes were installed by Klein-Deco. When the slab was poured, the drain pipes extended eight to twelve inches above the concrete so that the concrete would not plug up the pipe.
The plaintiff contends that the defendant cut the pipe flush with the concrete creating a hazardous condition. The defendant denies cutting the pipe and contends the pipe was cut by the owner of the building, Klein-Deco.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that mover is entitled to a judgment as a matter of law. LSA-C.C.P. art. 966, Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
The plaintiff contends that there is a genuine issue as to whether or not the defendant cut the pipe flush with the concrete creating a hazardous condition. However, the affidavit and deposition of the defendant show that he left the pipe protruding eight to ten inches above the concrete. The plaintiff contends that this is controverted by the deposition of Perry Decuir, Klein-Deco's employee in charge of the construction. We think plaintiff has misconstrued Decuir's testimony. Decuir stated that the pipes were cut flush with the floor but fails to state who cut them. The plaintiff relies heavily on the following testimony by Decuir.
"Q. All right. At the time that the Sorrel crew came out there to do the work, had you cut away the pipe?
A. The pipe was flush.
Q. The pipe was then flush?
A. Flush with the concrete.
Q. The pipe was never left protruding above the concrete?
A. No."
*498 Since the Sorrel crew did not begin work until a year after the foundation was laid, it is clear that Decuir was referring to the condition of the floor at the time of the plaintiff's fall and not at the time the slab was poured by the defendant. There is nothing in the deposition to show that the defendant cut the pipe. Nevertheless, if the question of who cut the pipes was determinative of liability in this case we might be inclined to hold that summary judgment was inappropriate. We do not consider the question of whether or not the defendant Fremin cut the pipe as being material or pertinent to the issue of Fremin's liability. It is not a material issue of fact here for the purpose of considering the applicability of disposition by summary judgment.
For the purpose of argument we will assume that Fremin did cut the pipes flush with the concrete surface. The owner of the building was evidently taking its time in erecting the building for which the slab was poured and finished. Presumably the pipes should have been cut flush with the concrete slab floor at some time in order to function as drains. Defendant Fremin was merely a concrete contractor. Assuming that Fremin owed a duty to plaintiff or any other worker on the premises to cover the drain holes upon completion of the slab and upon the cutting of the pipes, it hardly seems reasonable to hold that such a duty persisted for over a year afterwards. The structure of which the slab constituted a part was in various phases of construction after laying of the slab and the structure was incomplete at the time of plaintiff's accident. Plaintiff himself was engaged in a phase of construction of the building.
To begin with we think it is manifest that during construction some hazards will of necessity exist which must be tolerated but which the owner or builder will have a duty to correct before the building is considered complete. Construction workers must expect such hazards to exist and should be aware of them and avoid them. More important, however, in our opinion is the question of time. We are of the opinion that any duty Fremin may have had to cover the drain holes initially could not have persisted for over a year. Certainly it was the owner's ultimate duty to provide the permanent drain grates or such protective devices as it chose to employ. Moreover, the owner-builder had the overall duty to provide a safe place to work and protect others who might work on the building. In any event, after the passage of a reasonable amount of time, any duty Fremin might have owed to guard the drain holes would cease, and it would become the sole duty of the owner-builder to discharge whatever duty might be required. In making these observations, we do not intend to express any opinion in this case as to what duty anyone may have owed including any duties of the owner-builder, Klein-Deco may have owed. We simply hold that if defendant ever owed a duty, the breach of which caused plaintiff's accident and injury, the duty came to an end before the accident occurred.
We have considered the principles of law set forth in the cases cited by plaintiff-appellant. Plaintiff cites Johnson v. Fred H. Moran Construction Company, 289 So.2d 323 (La.App. 1st Cir. 1973), writ refused, 293 So.2d 171 (La.1974) for the proposition that "there is a duty on the part of the subcontractor to refrain from creating a potential danger or to permit an unsafe condition to remain on the premises upon which such subcontractor is working where it is known that the premises are in use by either the general public or employees of the owner." While we might agree with that pronouncement of our brothers of the Court of Appeal for the First Circuit as a general proposition, such a broad statement of duty must be tempered in its application by reference to the peculiar circumstances of any given case. In the Johnson case renovations were in progress on a hospital. A subcontractor of the general contractor on the renovation work left mud on a sidewalk in front of the hospital. The sidewalk was used by the public and hospital employees. An employee of the hospital credit department slipped on the mud left by the subcontractor. The accident in question occurred on the same day the mud was deposited by the subcontractor's truck. The mud *499 was left on the public sidewalk while it was in current use. The facts of the Johnson case distinguish it from the case before us.
Plaintiff-appellant relies on another First Circuit case, Ortego v. State Bank & Trust Company of Golden Meadow, 316 So.2d 826 (La.App. 1st Cir. 1975), for the proposition that cases of this type present a question of fact and "a contractor can be held responsible only if he has justifiable reason to believe that adherence to plans and specifications would create a hazardous condition." A consideration of the facts of the Ortego case does not lead us to conclude that it lends support to plaintiff-appellant's claim of error in the granting of the motion for summary judgment in the case before us.
The plaintiff in the instant case has made no showing that there exists a genuine issue of material fact. Therefore, the defendant-appellee's motion for summary judgment was properly granted.
For the above and foregoing reasons, the judgment of the trial court granting a summary judgment in favor of the defendant-appellee is affirmed. All costs are assessed against the plaintiff-appellant.
AFFIRMED.