648 So.2d 27 (1994)
M. PETTIS and B. Pettis
v.
HIBERNIA NATIONAL BANK and the City of New Orleans.
No. 94-CA-1111.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
Writ Denied March 10, 1995.
Harold S. Bartholomew, Jr., Bartholomew Law Offices, Metairie, for plaintiffs-appellants.
Philip O. Bergeron, Ralph H. Wall, Adams and Reese, New Orleans, for defendant-appellee.
Neil J. Kohlman, Victor M. Ortiz, Asst. City Attys., Bruce E. Naccari, Acting First Asst. City Atty./Chief of Research and Opinions, Avis Marie Russell, City Atty., New Orleans, for defendant-appellant.
Before SCHOTT, C.J., BARRY and BYRNES, JJ.
SCHOTT, Chief Judge.
Plaintiff slipped and fell on a ramp joining the sidewalk and street on the corner of Canal and David Streets in New Orleans. On a motion for summary judgment the trial court dismissed his suit against Hibernia National Bank, the owner of the property adjacent to the sidewalk along Canal Street. Plaintiff has appealed claiming factual dispute which would preclude summary judgment and error of law for absolving Hibernia of responsibility for defects in the ramp. We affirm.
There are no disputed issues of material fact. Hibernia owns the property on Canal Street between Carrollton Avenue and David Street where it operates a branch office. When the plaintiff's accident happened on June 2, 1989, he was on his way to the bank to conduct business. When he stepped from the street onto the ramp at the corner of Canal and David Streets his shoe slipped on the surface of the ramp which, for purposes of this appeal only, we assume to have been slippery. The surface of the ramp like the sidewalk was made of exposed aggregate.
In 1979 Hibernia contracted with Roy J. Gross to make interior and exterior modifications and repairs on its property. Included in the work was the construction of a new sidewalk in front of the bank between Carrollton and David. After the sidewalk and new curbing were completed at Canal and *28 Carrollton, but before the work was done on the other corner at David Street employees of the City of New Orleans cut up the pavement on the Carrollton Avenue corner and installed a ramp. An official of the City Streets Department informed Gross that they would do the same thing on the David Street corner if he did not construct the ramp himself.
The contract between Gross and Hibernia did not include the construction of ramps at the corners. Gross took it upon himself to build the ramp rather than to build a sidewalk which the City would tear up to install a ramp. Neither Hibernia nor its architect designed the ramp, Gross did. Hibernia did not pay anything extra to Gross for building the ramp.
In order to prevail plaintiff must show that Hibernia is either strictly liable under C.C. art. 2317 or liable because of negligence under art. 2315. The above facts do not support liability under either theory. A property owner is not liable under art. 2317 because a public sidewalk is not within the property owner's custody or garde. Carpenter v. State Farm Fire and Casualty Co., 411 So.2d 1206 (La.App. 4th Cir.1982). The sidewalk and ramp in question were not for Hibernia's exclusive use. They were for the use of any pedestrian choosing to pass there. The ramp was in the public domain.
As to negligence Hibernia had nothing to do with Gross's decision to build the ramp or how to build it. Even if Gross could be somehow considered a contractor with respect to Hibernia in the construction of this ramp, Hibernia would not be liable because it exercised no control whatsoever on how Gross built this ramp. Williams v. Gervais F. Favrot Co., 499 So.2d 623, 625 (La.App. 4th Cir.1986), writ denied 503 So.2d 19.
Plaintiff also contends that Hibernia violated its duty to provide a safe place for him as a customer, a business invitee, to approach its facility. The duty imposed on a business to provide a safe place for its customers applies to the premises, but not to adjacent property unless the business created the hazard which causes the injury. George v. Western Auto Supply Co., Inc., 527 So.2d 428, 430 (La.App. 4 Cir.1988). Plaintiff's accident occurred on City property and is alleged to have been caused by a hazardous condition Hibernia did not create.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
BARRY, J., concurs.
BARRY, J., concurring.
I concur with the majority and assign additional reasons.
A property owner is generally not liable for the negligence of an independent contractor who performs work for the owner. Williams v. Gervais F. Favrot Co., 499 So.2d 623, 625 (La.App. 4th Cir.1986), writ den. 503 So.2d 19 (La.1987); Villaronga v. Gelpi Partnership Number 3, 536 So.2d 1307, 1310 (La. App. 5th Cir.1988), writ den. 540 So.2d 327 (La.1989) and writ den. 540 So.2d 329 (La. 1989). Two exceptions are 1) when the work undertaken by the independent contractor is inherently or intrinsically dangerous, or 2) the owner has the right or exercises operational control over the method of performing the work or gives express or implied authorization to an unsafe practice.
The record establishes that Gross was an independent contractor. Hibernia and Gross executed a contract for the performance of specific work; the contract set a fixed price for the work; the contract provided that Gross furnish the labor, materials and equipment, supervise and direct the work, and be solely responsible for the "means, methods, techniques, sequences and procedures" of the work.
The record establishes that the exceptions to non-liability are not met. Plaintiff does not allege that building the ramp was intrinsically or inherently dangerous. The contract and Roy Gross's deposition show that Hibernia did not have or exercise operational control over the method of performing the work. The fact that Hibernia paid for the finished product does not constitute operational *29 control or authorization of an unsafe practice.