hLeBLANC, Judge.
In this personal injury case, plaintiff appeals from a judgment finding defendants did not have garde of the property where plaintiff was injured in a fall. We affirm, finding no manifest error in any of the trial court’s findings.
On April 30, 1986, plaintiff, Carl Zeno, Jr., parked his ear in an unpaved area adjacent to a private road located next to the intersection of Choctaw Drive and Chippewa Street in Baton Rouge. As he exited his car and started to walk away, Mr. Zeno stepped into a hole and fell, causing serious injury to his right knee and leg. Thereafter, plaintiff filed suit naming Gulf States Utilities Company (GSU) and South Central Bell Telephone Company (SCB) as defendants, maintaining they were strictly liable for his injuries under La.C.C. art. 2317. Plaintiff based this claim on the argument that GSU and SCB had garde of the property where he fell by virtue of the existence of utility servitudes and the location of operating cables directly beneath the hole. Grady Crawford Construction Company, Inc., which had previously performed work for SCB in the area, was also named as a defendant. Plaintiff also argued defendants should be held liable under the doctrine of res ipsa loquitur.
Following a bench trial, the trial court rendered judgment in favor of defendants dismissing plaintiffs suit. Plaintiff has now appealed, arguing the trial court erred in finding defendants did not have garde over the property where he was injured and in not applying the doctrine of res ipsa loquitur
La.C.C. art. 2317 imposes strict liability on a party who has garde of a defective thing which creates an unreasonable risk' of injury to others. Generally, ownership creates a presumption of garde. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461, 464 (La.1991). None of the defendants herein are owners of the immovable property where plaintiff fell. However, the presumption that garde reposes with the owner of a thing is rebuttable, and there are situations where the garde of a thing may rest with someone other than the owner. Doughty, 576 So.2d at 464; Smith v. State, Through Dept, of Public Safety, 620 So.2d 1172, 1183 (La.App. 1st Cir.1992). However, the fact that a utility company may have a servitude or right | <;of way on certain immovable property does not automatically give the utility company garde of the property. See Hartford Acc. & Indem. v. South Cent. Bell, 497 So.2d 1034 (La.App. 3rd Cir.), writ denied, 498 So.2d 756 (1986). Determining who has garde of a thing is a question of fact. Doughty, 576 So.2d at 464; Smith, 620 So.2d at 1183. Considerations relevant to this determination include: (1) the benefit received from the thing; and (2) the right of direction and control over the thing. Doughty, 576 So.2d at 464.
In rendering judgment for defendants in this case, the trial court gave the following reasons for judgment:
Plaintiff suffered personal injuries when he fell into a hole adjacent to a private asphalt road. The owner of the immovable property is not a defendant. Defendant, Grady Crawford Construction Company, performed some work at the site some nine years earlier Tor South Central Bell. There was no legal servitude but a trench through the asphalt road and a later excavation of the area indicates that the trench was a utility servitude in fact. St. Julien vs. Morgan L & T Ore Co., 35 La.Ann. 924 (1883). Does the existence of a servitude impose strict liability on the one in whose favor the servitude is granted? The Court in Hartford Accident & Indemnity Co., Inc., et al vs. South Central Bell Telephone Co., et al, 497 So.2d 1034 (La.App. 3Cir.[sic] 1986), writ denied, indicates that the right of servitude alone does not create strict liability. Absent a right of dominion or some contractual responsibility for the surface of the servitude, there is no “garde”. The Court further held that any initial custody would not continue to create “garde” five years later. In Norman vs. Sorrel, 391 So.2d 496 (3Cir.[sic] 1981), the Court held that it was unreasonable to hold that a duty persisted over one year after actual custody ceased. In the instant case over nine years elapsed from the act of dominion. Grady Crawford Construction Co. and South Central Bell are therefore not liable for this accident.
*593 Does res ipsa loquitur apply? This doctrine creates a presumption of negligence when an event occurs which would not normally occur without negligence. The initial question is whether holes such as this occur without negligence. The answer is in the affirmative. Sometimes holes occur without the fault of anyone. Res ipsa loquitur would, therefore, not apply.
Raymond Holden testified that he saw a Gulf States truck in the vicinity of the hole on the day prior to the accident. He specifically did not see them digging in the area and in fact there was no evidence of digging in the area of the hole prior to the accident. Plaintiff failed to carry his burden of proof against Gulf States.
Plaintiff appears to be a very nice man who was without fault in this accident. However, this hole appeared for some unknown reason, most probably by the collapse of a wooden underground structure installed early this century by someone. The Court regrets that it must dismiss plaintiffs demands at his costs.
|4After a through review of the record, we find no manifest error in any of the trial court’s findings, including its conclusion that defendants did not have garde of the property in question. Although GSU and SCB may have derived some benefit from underground utility cables located in the area of the hole, there is no evidence that they had any right of direction or control over the property. The record clearly supports the trial court’s findings.
We likewise find no error in the trial court’s conclusion that the doctrine of res ipsa loquitur is inapplicable herein. Res ipsa loquitur is an evidentiary rule applicable when: (1) the accident is of the type which normally would not occur in the absence of negligence: (2) there is no direct evidence explaining the activities leading to the injury; and (3) the accident was caused by an agency or instrumentality within the actual or constructive control of the defendant. Cherry v. Herques, 623 So.2d 131, 135 (La.App. 1st Cir.1993). Two of these requisites are absent in the present case. First, as stated by the trial court in its written reasons for judgment, “[sjometimes holes occur without the fault of anyone.” Second, as already noted, there was no evidence defendants exercised control over the property in question.
For the above reasons, the judgment of the trial court is affirmed. Plaintiff is to pay all costs of this appeal.
AFFIRMED.