746 So.2d 294 (1999)
Melodie SUTHERLAND and Fred Sutherland
v.
HIBERNIA CORPORATION, State of Louisiana, Through the Department of Transportation and Development, BOH Brothers Construction Company, L.L.C., Entergy Corporation, Bell South Telecommunications, Inc., The Baton Rouge Water Works Company, Entergy Services, Inc., Grady Crawford Construction Company, Inc., and Allen & LeBlanc, Inc.
No. 98 CA 2273.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
*295 Keith P. Richards, Baton Rouge, LA, for plaintiffs-appellants Melodie Sutherland and Fred Sutherland.
John P. Gonzalez, Metairie, LA, for defendant-appellee Hibernia Corporation.
BEFORE: SHORTESS, PARRO, and KUHN, JJ.
SHORTESS, J.
Melodie Sutherland was injured on March 28, 1995, when her van struck a trench dug across the driveway of the Hibernia National Bank on Siegen Lane in Baton Rouge. The trench had been dug as part of a project to widen Siegen Lane. Plaintiff sued, inter alios, Hibernia Corporation, d/b/a Hibernia National Bank. Her husband, Fred Sutherland, joined in the suit seeking damages for loss of consortium.
Hibernia filed a motion for summary judgment, which the trial court granted. Mr. and Mrs. Sutherland (plaintiffs) moved for a new trial, which was denied. Plaintiffs appeal.[1]
Hibernia attached to its supporting memorandum the sale and servitude agreement whereby in April 1994 it sold the property where the accident occurred to the State of Louisiana for use in the road-widening project. Hibernia did not expressly retain a servitude of passage over the property it sold, although the agreement required the State to construct a forty-seven-foot concrete approach within the limits of the property conveyed from the roadway to Hibernia's remaining property. Hibernia also attached to its memorandum the affidavit of professional land surveyor Woody R. Triche, who stated he had inspected the Hibernia National Bank property on Siegen Lane, reviewed the sale and servitude agreement, marked the property lines, and observed that no construction involving the widening of Siegen Lane took place on the property owned by Hibernia.
Plaintiffs argue a genuine issue of material fact exists as to whether Hibernia had garde over the property where the accident occurred and thus is responsible for their damages. Garde is the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing damage to others.[2] Although the State, and not Hibernia, owned the property in question, garde may be divided between two persons.[3] Plaintiffs contend Hibernia had garde because it owned a servitude of use or passage over the property.
Garde is present when one has the right of direction and control over the thing and derives some benefit from it.[4] It is not at all clear from the evidence that Hibernia had a servitude of passage or use. Even if it did, this court held in Zeno v. Grady Crawford Construction Co., Inc.,[5] that the servitude holder has no garde absent a right of dominion or some contractual responsibility for the surface of the servitude. Plaintiffs do not contend Hibernia had any contractual responsibility for the surface of the portion of the driveway where the accident occurred. That Hibernia required the State to build a concrete approach to its property from Siegen Lane as partial consideration for *296 the State's purchase of Hibernia's property does not evidence Hibernia's control over the property. Furthermore, even if there was a servitude, Hibernia, as the subservient estate, had no right to control the construction or repairs being made by the dominant estate owner, the State.[6]
Plaintiffs have the burden of proving at trial that Hibernia had garde of this property. Thus, under Louisiana Code of Civil Procedure article 966(C)(2), Hibernia was required to show only that there was an absence of factual support for that element of plaintiffs' claim. Plaintiffs then had to establish they would be able to satisfy their evidentiary burden of proof at trial.
Hibernia presented evidence to show it had no dominion over the portion of the driveway where this accident occurred. In order to defeat summary judgment, plaintiffs then had the burden of establishing Hibernia had sufficient control to constitute garde. Plaintiffs failed to submit any evidence to counter the showing made by Hibernia; they cited only Hibernia's answers to interrogatories stating that a Hibernia employee contacted an "unidentified construction worker on the site" and asked that the trench be filled, and that the construction worker acquiesced. This fact, in our opinion, does not show control and does not create a genuine issue of material fact regarding garde.
Plaintiffs also contend there is a genuine issue of material fact as to whether Hibernia negligently failed to fill the trench or failed to warn customers about the trench. As Hibernia did not own that portion of the driveway or have control over it, it could not be liable for failing to fill the trench. Hibernia had a duty to warn customers of the hazard presented by the trench only if it created the hazard, which it did not.[7] Thus, plaintiffs have failed to show a genuine issue of material fact regarding Hibernia's negligence.
There being no genuine issue of material fact regarding Hibernia's lack of garde and lack of negligence, summary judgment was properly granted in Hibernia's favor. We thus affirm the judgment of the trial court at plaintiffs' cost.
AFFIRMED.
NOTES
[1] Pursuant to Louisiana Code of Civil Procedure article 1915, the trial court certified that the judgments granting the motion for summary judgment and denying the motion for new trial were appealable.
[2] La.C.C. art. 2317; King v. Louviere, 543 So.2d 1327, 1329 (La.1989).
[3] Ross v. La Coste de Monterville, 502 So.2d 1026, 1030 (La.1987).
[4] King, 543 So.2d at 1329.
[5] 94-0858, pp. 2-3 (La.App. 1st Cir.3/3/95), 652 So.2d 590, 592, writ denied, 95-0857 (La.5/19/95), 654 So.2d 695.
[6] La.C.C. art. 745. We also note the Louisiana Supreme Court's statement in Farmer v. Myles, 106 La. 333, 342, 30 So. 858, 862 (1901), that of all the servitudes, there is none "so broad and comprehensive as that of a city [or in this case, the State] in its streets."
[7] Pettis v. Hibernia Nat'l Bank, 94-1111 (La. App. 4th Cir.12/15/94), 648 So.2d 27, 28, writ denied, 95-0125 (La.3/10/95), 650 So.2d 1186.