h GORBATY, j.
Appellant, Floyd Smith, previously filed an appeal with this Court from a judgment dated December 2, 1998. On December 13, 1999, this Court ordered appellant to show cause on December 30 why his appeal should not be dismissed for failure to designate the partial summary judgment as a final judgment prior to filing the appeal. No timely response was filed to the Court’s order. On January 31, 2000, this Court dismissed the appeal.
The record of the instant appeal indicates that a Joint Motion to Designate Final Judgment was filed in the trial court on January 14, 2000. The trial court signed an order on January 19, 2000, containing the following language:
It is hereby ordered that the summary judgment granted by this Court on December 2, 1998, be designated as the final judgment under Article 1915 so as to allow plaintiff, Floyd Smith, to presently appeal said judgment to the Fourth Circuit Court of Appeal to the State of Louisiana.
The order contains no express determination that there is no just reason for delay. Although it can be implied that the court’s reasons for designating the judgment as final are one and the same as the reasons given in the joint motion, | ¡¡.nonetheless, the law is clear that the trial court, not the movers, must make the express determination.
Further, it would appear that the trial court was without jurisdiction when it signed the above order on January 19, 2001. See La.Code Civ. Proc. art. 2088.
However, because all parties are in agreement that a resolution of the merits *802 of the granting of summary judgment is necessary and desirable, we will entertain the merits of the appeal.
FACTS:
Floyd Smith fell on a sidewalk near the intersection of St. Roch and N. Galvez streets, and allegedly sustained numerous injuries. In addition to suing the Sewerage & Water Board and the City of New Orleans, Mr. Smith sued the Greater Ebe-nezer Baptist Church (the Church), which owned the property adjacent to the sidewalk. He alleged in his petition that the property owner, the Church, was aware of the defective condition of the sidewalk, but took no steps to repair it, or to notify the proper parties of the need for repair.
The trial court granted summary judgment finding that the Church was not liable for Mr. Smith’s injuries because it did not own the sidewalk, nor did it create the dangerous condition that caused his injuries. Therefore, the Church was not hable for Mr. Smith’s injuries.
DISCUSSION:
Louisiana Code of Civil Procedure art. 966 C(2) provides that if the mover will not bear the burden of proof at trial, he only need point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual ^support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Greater Ebenezer Baptist Church moved for summary judgment on the basis that it had no duty to maintain the subject sidewalk, or to notify the City of the need for maintenance. It cited numerous cases to support its position that a landowner cannot be held strictly liable or negligent for injuries sustained on a defective sidewalk abutting its property unless the landowner creates or causes the defect. Knowledge of the defect does not confer garde.
Mr. Smith claims that long-standing jurisprudence on the issue of the Church’s liability is based on a faulty premise. He argues that all defective sidewalk cases involving tort liability of adjacent property owners are based on Youngblood v. Newspaper Production Co., 135 So.2d 620 (La.App. 2 Cir.1961) and Toppi v. Arbour, 119 So.2d 621 (La.App. 1 Cir.1960), and that both of those cases were decided on the basis that in the absence of a statute expressly imposing liability, an adjacent property owner owes no duty to repair or maintain a sidewalk, or to notify the municipality of disrepair. Mr. Smith claims that the flaw in the subsequent jurisprudence is that the City of New Orleans does provide by ordinance that owners of abutting property can be fined or imprisoned for failure to maintain sidewalks, and, therefore, Lability can attach. He cites Section 43 of the Charter of New Orleans, Act 159 of the General Assembly of the State of Louisiana of 1912, as amended in 1936, in support of his position.
Greater Ebenezer Baptist Church argues that the City Charter cited by Mr. Smith was superseded in 1954 when the City adopted the current Home Rule Charter of the City of New Orleans. Under the newer Home Rule Charter there is only one ordinance pertaining to sidewalk repair. Specifically, Section 146 — 190 Lprovides that property owners may be billed for their proportionate share of the cost of installing a sidewalk when the director of the department of streets deems a sidewalk necessary in the interest of public safety.
For Mr. Smith to prevail, he must demonstrate that the Church was either strictly liable under La. Civ.Code art. 2317 or negligent pursuant to La. Civ.Code art. 2315. Pettis v. Hibernia Nat’l Bank, 94-1111, p. 2 (La.App. 4 Cir. 12/15/94), 648 *803 So.2d 27, 28. There is nothing in the record to support a finding of liability under either theory.
Further, the trial court explained in reasons for judgment that La.Rev.Stat. 33:811 provides that the commission [of the municipality or parish] shall provide by ordinance for the care of sidewalks, and shall cause them to be kept in repair. Thus, the responsibility for maintenance of sidewalks remains with the city, and not with adjacent landowners. Adjacent landowners will be held liable only if they caused or created the state of disrepair.
Mr. Smith did not produce any evidence that the Church created or caused the defects in the sidewalk. Therefore, because the Church was not the owner of the sidewalk, and did not cause it to become defective, it was not liable to plaintiff.
We agree with the trial court’s analysis, and, accordingly, affirm the granting of summary judgment.
AFFIRMED.