# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-341


**GORDON S. CORMIER**

**VERSUS**

**ENTERGY LOUISIANA, LLC**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-4476
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.


**REVERSED AND RENDERED.**

**Christine Shannon**
**Entergy Services, LLC**
**PO Box 2951**
**Beaumont, TX 77704**
**(409) 981-2535**
**COUNSEL FOR DEFENDANT- APPELLANT:**
     Entergy Louisiana, LLC

**Ryan N. Ours**
**Attorney At Law**
**446 North Blvd., 2nd Floor**
**Baton Rouge, LA 70808**
**(225) 339-3235**
**COUNSEL FOR DEFENDANT- APPELLANT:**
     Entergy Louisiana, LLC

**Barry Alwin Roach**
**Michael H. Schwartzberg**
**Larry A. Roach, Inc.**
**2917 Ryan St.**
**Lake Charles, LA 70601**
**(337) 433-8504**
**COUNSEL FOR PLAINTIFF- APPELLEE:**
    **Gordon S. Cormier**

**V. Ed McGuire, III**
**Plauché, Smith & Nieset**
**P. O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT- APPELLEE:**
    **Calcasieu Parish Police Jury**

**PICKETT, Chief Judge.**

Entergy Louisiana, LLC, appeals a judgment of the trial court finding it liable for damages sustained by Gordon Cormier when he fell into a hole in the right of way adjacent to East Tank Farm Road in Calcasieu Parish.

## FACTS

On April 19, 2016, Mr. Cormier was assisting with a rice-farming operation. He was directing the driver of an eighteen-wheeler as the vehicle backed into a driveway off East Tank Farm Road. As he walked backward next to the driveway, he fell into a hole. Mr. Cormier had to be lifted out of the hole and suffered injuries as a result of the fall. Mr. Cormier did not see the hole, as it was in an area where the grass was high. At the surface, the hole measured between twelve and sixteen inches and it was approximately four feet deep.

Mr. Cormier filed a timely Petition for Damages against Entergy Louisiana, LLC ("Entergy"). Mr. Cormier alleged that an unknown employee of Entergy dug the hole Mr. Cormier fell into and then failed to fill the hole when it was not used to install a pole. He sought damages for the injuries he suffered. Entergy answered, denying the allegations of the petition and asserted its right to a trial by jury.

Entergy filed a Motion for Summary Judgment arguing that it did not have a duty to the plaintiff as a matter of law. Entergy claimed that it did not have custody or garde of the premises at the site of the incident, as that property was owned and maintained by the Calcasieu Parish Police Jury (CPPJ). Thus, it was not liable under the provisions of La.Civ.Code art. 2317.

Mr. Cormier then filed a First Supplemental and Amending Petition for Damages adding the Calcasieu Parish Police Jury as a defendant. The supplemental petition alleged that the CPPJ had custody of the site, and there was a

leak in the seam of the culvert below the hole which caused the hole to erode. The CPPJ denied the allegations of the petition in its answer and asserted certain affirmative defenses. It also requested a jury trial.

Mr. Cormier stipulated the value of his claim did not exceed $50,000, obviating the demand for a jury trial. *See* La.Code Civ.P. art. 1732(1).[1]

The CPPJ filed a Motion for Summary Judgment, arguing that Mr. Cormier could not meet the essential elements of his claim. The trial court heard arguments on the motions for summary judgment filed by Entergy and the CPPJ on May 12, 2023. The trial court denied both motions for summary judgment on that date and entered signed judgments in conformity with its oral ruling on June 9, 2023.

Before trial, Entergy filed a Motion to Exclude the Testimony of Plaintiff's Expert, Matthew James Crador, alleging that he lacked the requisite knowledge, skill, experience, training, or education to give opinions about electric utility design and engineering or electric utility standards, practices or procedures. Mr. Cormier opposed the motion. After a hearing on August 28, 2023, the trial court ordered "that Matthew James Crador is not qualified as and shall not be permitted to testify as an expert regarding the installation and design of electrical distribution systems." The trial court did state that it would allow Mr. Crador to testify "about Entergy's policies and procedures in place during Mr. Crador's employment with Entergy (2014-2017) regarding the placement and installation of utility poles." At trial, Entergy renewed its objection to Mr. Crador's testimony as an expert, and the trial court reiterated its ruling.

After a three-day trial, the trial court found that the hole into which Mr. Cormier fell was created by an auger. The trial court further found that Entergy

---

[1] Article 1732 was amended by 2020 La. Act No. 37, § 2, to lower the threshold for a jury trial to $10,000.

created the hole. The trial court assessed no fault to the CPPJ. The trial court found Mr. Cormier was entitled to medical damages of $12,883.98 and general damages in excess of the jurisdictional limit of $50,000. The trial court's judgment awarded Mr. Cormier $50,000 total.

Entergy now appeals the judgment of the trial court.

## ASSIGNMENTS OF ERROR

Entergy assigns four errors in its brief to this court:

1. The trial court erred in denying Entergy Louisiana, LLC's Motion for Summary Judgment based upon lack of custody and garde of the premises as a matter of law.

2. The trial court erred in law finding Entergy Louisiana, LLC maintained garde over the premises for years after it allegedly performed work.

3. The trial court erred in finding that Entergy Louisiana, LLC created the hole in question.

4. The trial court erred in allowing Matthew Crador to testify as an expert regarding the design and installation of electric distribution lines and poles.

## DISCUSSION

We first address the third assignment of error raised by Entergy. Entergy argues that Mr. Cormier presented no evidence that Entergy created the hole into which he fell. They argue that the utility pole nearest to the hole was placed in 1996, as evidenced by the markings on the pole. They further point to uncontradicted testimony in the record that the only reason Entergy ever augers a hole is to place a new pole, and no new poles had been placed in that location since 1996, so Entergy had no reason to auger a hole so close to a pole already in use. Entergy also references uncontradicted testimony in the record that the hole in question was approximately twelve to eighteen inches out of line with the remaining poles on the line. The uncontradicted testimony was that Entergy would

3

not place a pole that far out of line with the remaining poles, as it would cause strain on the line and cause poles to lean. Further, Entergy claims that the hole measured at most fourteen inches at the top, as evidenced by the photographs entered into evidence. The evidence at trial was that the auger used by Entergy at the time the pole was installed in 1996 was sixteen inches in diameter, and it would create an eighteen-inch hole. Since the pole was installed, Entergy has transitioned to using eighteen-inch augers, which would create a twenty-inch hole. Thus, a fourteen-inch hole could not have been created by an Entergy auger. Finally, the testimony at trial indicated that holes in the area increase in size over time, they do not decrease.

We review findings of fact of the trial court under the manifest error standard of review. *Stobart v. State, through the Dep't of Trans. & Dev.*, 617 So.2d 880 (La.1993). "[A] reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous." *Id.* at 882 (*citing Mart v. Hill*, 505 So.2d 1120).

After a review of the entire record, including testimonial and documentary evidence presented at trial, we note that there is no direct evidence that Entergy created the hole into which Mr. Cormier fell. Mr. Cormier presented a circumstantial case. He argued that despite Entergy's lack of records about the work performed on the pole specifically and in the area generally, it was clear that Entergy did work in the right of way near the pole. Mr. Cormier argued that many poles were damaged in hurricanes in the years between when the pole was installed in 1996 and the accident in 2016, so either Entergy or contractors working for Entergy could have created the hole in the ground.

In its reasons for ruling, the trial court stated, "Entergy has offered no reasonable hypothesis as to the existence of the hole into which Cormier fell." In fact, Entergy offered at least two hypotheses: that the hole was a sink hole caused by the failure of the seam between the concrete culvert and the metal culvert, or that the hole was dug by an unknown party while using a smaller auger. The trial court here impermissibly shifted the burden of proof to Entergy. It was up to Mr. Cormier to prove that Entergy created the hole. After reviewing the record in its entirety, we find that he failed to meet that burden. The trial court committed manifest error in finding Entergy liable.

We turn now to Entergy's remaining assignments of error. In its first and second assignments of error, Entergy argues that the trial court erred twice in its finding that Entergy had custody or garde of the premises where Mr. Cormier fell: first when it denied Entergy's motion for summary judgment on the issue, and again in its finding after a trial on the merits that Entergy was liable for Mr. Cormier's injuries. A party may only introduce certain documents for a court to consider in support of or in opposition to a motion for summary judgment. La.Code Civ.P. art. 966(A)(4). Because of this limitation, the supreme court has held that:

> once a case is fully tried, the affidavits and other limited evidence presented with a motion for summary judgment—later denied by the district court—are of little or no value. Appellate courts should not rule on appeal after a full merits trial on the strength alone of affidavits in support of a motion for summary judgment that was not sustained in the district court. In such cases, appellate courts should review the entire record.

*Hopkins v. American Cyanamid Co.*, 95-1088, p. 13 (La. 1/16/96), 666 So.2d 615, 624. The issue of Entergy's custody of the premises was tried on the merits. We must consider all admissible evidence submitted to the trial court in our review of the trial court's ultimate determination that Entergy did have custody of the

premises. *See Durkheimer v. Landry*, 22-418 (La.App. 3 Cir. 5/10/23), 366 So.3d 674, *writ denied*, 23-737 (La. 10/3/23), 370 So.3d 1073, *and writ denied*, 23-797 (La. 10/3/23), 370 So.3d 1075. The issues raised in Entergy's first assignment of error, then, will be considered in reviewing Entergy's second assignment of error.

To prevail on its claim that Entergy is liable for his injuries, Mr. Cormier must prove (1) that Entergy had custody of the area in question, (2) that the area had a defect that created an unreasonable risk of harm, (3) that the defect caused the harm to Mr. Cormier, and (4) Entergy, as custodian, knew, or in the exercise of reasonable care, should have known of the defect. La.Civ.Code arts. 2317 and 2317.1; *Jones v. Town of Gueydan*, 21-11 (La.App. 3 Cir. 6/16/21), 323 So.3d 451, *writ denied*, 21-1038 (La. 11/23/21), 328 So.3d 71. In its brief, Entergy claims that Mr. Cormier failed to prove that Entergy had custody or control, or garde, of the area where Mr. Cormier fell into the hole.

Mr. Cormier argues that his claim against Entergy was for negligence under La.Civ.Code art. 2315, not premises liability. But the supreme court has made clear recently that the analysis is the same under either theory.

> Whether a claim arises in negligence under La.Civ.Code art. 2315 or in premises liability under La.Civ.Code art. 2317.1, the traditional duty/risk analysis is the same. And now, with La.Civ.Code art. 2317.1's requirement of actual or constructive knowledge of a defect, the result under either should be the same. In any event, a claim under La.Civ.Code art. 2315 typically focuses on whether the defendant's conduct of allowing an unreasonably dangerous condition to exist on its premises is negligent, while a La.Civ.Code art. 2317.1 claim focuses on whether the thing itself is defective; i.e., unreasonably dangerous. But, when the legislature eliminated strict liability for defective things in one's custody by adding La.Civ.Code art. 2317.1, a negligence standard replaced it. The requirements of actual or constructive knowledge of the defect and proof that the defendant could have prevented damage from the defect by exercising reasonable care evidences this shift.

*Farrell v. Circle K Stores, Inc.*, 22-849, pp. 5-6 (La. 3/17/23), 359 So. 3d 467, 473.

6

In a premises liability case, this court has long held that a public utility's duty to repair a hole it creates in a right of way creates is limited in time. *Hartford Accident and Indemnity Co., Inc. v. South Central Bell Telephone Co.*, 497 So.2d 1034 (La.App. 3 Cir.), *writ denied*, 498 So.2d 756 (La.1986). In *Hartford*, it was proven that South Central Bell removed a pole five years before the claimant fell into the hole created by the pole. When the claimant's employer's worker's compensation insurance provider sued South Central Bell, the trial court found that South Central Bell did not have garde of the premises and denied recovery. On appeal, this court affirmed the judgment of the trial court, stating:

> Appellant seems to argue that defendants, once having had custody, retained custody thereafter. This Court, in *Norman v. Sorrel*, 391 So.2d 496 (3rd Cir.1981) appears to recognize that simply because one acquired custody or performed an activity on premises at one time, responsibility for such does not continue indefinitely. This court found that "… it hardly seems reasonable to hold that a duty persisted for over a year afterwards.", and further stated that at some time it becomes the owner's duty to correct and discover risk creating factors on premises over which he has control.

*Hartford Accident*, 497 So.2d at 1037.

In the case before us, in addition to failing to prove that Entergy created the hole at issue, Mr. Cormier failed to produce any evidence that the hole was created within a year of Mr. Cormier's fall. Additionally, the trial court found that the owner of the property, the CPPJ, who undisputably did have custody and control of the premises, did not have a duty to find the hole and correct it. That finding has not been appealed. Because the evidence presented does not support the trial court's finding that Entergy had custody or control of the premises, Mr. Cormier's action against Entergy cannot succeed.

Given our finding that assignments of error two and three have merit and warrant reversal of the trial court's finding that Entergy is liable for Mr. Cormier's damages, we pretermit discussion of the fourth assignment of error.

## CONCLUSION

The judgment of the trial court is reversed. Mr. Cormier failed to prove that Entergy is legally responsible for the accident which caused his injuries. The judgment finding Entergy liable is set aside, as is the damage award. Costs of this appeal are assessed to Mr. Cormier.

**REVERSED AND RENDERED.**