# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-435


**PRESTON NEDLEY**

**VERSUS**

**CITY OF ALEXANDRIA, ET AL.**


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 272,239
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**********

**CHARLES G. FITZGERALD**
**JUDGE**

**********


Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**S. Christie Smith, IV**
**Smith Advocates, LLC**
**Post Office Box 1528**
**Leesville, Louisiana 71446**
**(337) 239-2244**
**Counsel for Plaintiff/Appellant:**
     **Preston Nedley**

**David F. Bienvenu**
**Joshua M. Hudson**
**Windsor V. Richmond**
**Simon, Peragine, Smith & Redfearn, L.L.P.**
**1100 Poydras Street, Suite 3000**
**New Orleans, Louisiana 70163**
**(504) 569-2030**
**Counsel for Defendant/Appellee:**
     **BellSouth Telecommunications, LLC**
     **d/b/a AT&T Louisiana**

**FITZGERALD, Judge.**

Preston Nedley appeals the trial court's grant of summary judgment in favor of BellSouth Telecommunications LLC d/b/a AT&T Louisiana, dismissing his claims with prejudice.

## FACTS AND PROCEDURAL HISTORY

On November 13, 2020, Deviney Construction Company Inc. was in the process of installing underground conduit for BellSouth along 3rd Street in Alexandria, Louisiana. To gain access to the underground area, Deviney removed a portion of the sidewalk and excavated the area. That evening, Preston was injured when he rode his bicycle into the uncovered, excavated area.

Many months later, Preston filed suit against numerous defendants, including BellSouth and Deviney. As to the accident, Preston alleged that it was dark, that the fencing barrier installed by the contractor was inadequate to prevent him from riding his bicycle into the construction area, that he fell headfirst into a five-foot-deep trench, that he remained there for several hours, and that he sustained serious personal injuries.

BellSouth, in turn, timely answered Preston's suit. Then, in December 2023, BellSouth moved for summary judgment. The hearing on that motion was held in February 2024. The trial court granted the motion from the bench. The trial court's ruling was then reduced to a written final judgment signed on March 5, 2024. Preston appealed.

On appeal, Preston has not assigned any error for review. Thus, the issue before us is simply whether the trial court erred in granting summary judgment.

# LAW AND ANALYSIS

In reviewing a trial court's decision on a motion for summary judgment, this court applies the de novo standard of review using the same criteria applied by the trial court to determine whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof in summary judgment proceedings is set forth in La.Code Civ.P. art. 966(D)(1), which states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Hence, "[o]nce the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Hays v. Autin*, 96-28, p. 6 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

Here, Preston's claims against BellSouth are based on premises liability under La.Civ.Code arts. 2317 and 2317.1.[1]  To prevail, Preston must prove:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care.  If the plaintiff fails to provide proof [of] any one of these elements, his/her claim fails.

*Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591, p. 4 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817.

In its motion for summary judgment, BellSouth attempts to point out that Preston lacks factual support for the first essential element of his claim.  Hence, BellSouth contends that there is no evidence that it had custody or control of the jobsite at the time of the accident.  BellSouth supports its motion by attaching excerpts from the deposition of Deviney manager Kenneth Leake, excerpts from the deposition of Deviney district manager Larry Saucier, and excerpts from the deposition of BellSouth engineer Christian Sims.

At this point, BellSouth has sufficiently pointed out Preston's absence of factual support for the custody or control element of his premises-liability claim.

---

[1] Louisiana Civil Code Article 2317 states: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.  This, however, is to be understood with the following modifications."

Louisiana Civil Code Article 2317.1 then states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.  Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

The burden of production under La.Code Civ.P. art. 966(D)(1) now shifts to Preston to produce evidence of a material factual dispute. In attempting to meet this burden, Preston submitted with his opposition memorandum the depositions of the above Deviney managers and BellSouth engineer. He also attached the permit issued to BellSouth by the Louisiana Department of Transportation and Development (DOTD). Before addressing the substance of this summary-judgment evidence, we turn our attention to the legal concept of custody or control for premises liability.

Liability under La.Civ.Code art. 2317 is based on custody of a defective thing, not ownership. *Hebert v. St. Paul Fire and Marine Ins. Co.*, 99-333 (La.App. 4 Cir. 2/23/00), 757 So.2d 814, *writ denied*, 00-861 (La. 5/5/00), 761 So.2d 550. "Custody, distinct from ownership, refers to a person's supervision and control (garde) over a thing posing an unreasonable risk of harm." *Id*. at 816. And the test for determining custody or control is "whether the defendant had the right of direction or control over the thing and what, if any, benefit the defendant derived from the thing." *Jordan v. Thatcher St., LLC*, 49,820, p. 8 (La.App. 2 Cir. 6/10/15), 167 So.3d 1114, 1118.

Here, it is undisputed that the jobsite—an excavated stretch of roadway—is not owned by BellSouth; it is a state highway. Nor does BellSouth own the servitude where the jobsite was located. BellSouth obtained a permit from DOTD to place cable within DOTD's right of way. But this, standing alone, does not give BellSouth custody or control of the jobsite. *See, e.g., Zeno v. Grady Crawford Const. Co., Inc.*, 94-858 (La.App. 1 Cir. 3/3/95), 652 So.2d 590, *writ denied*, 95-857 (La. 5/19/95), 654 So.2d 695.

In *Zeno*, the plaintiff fell into a hole and filed suit against a utility company, South Central Bell Telephone Company, and a construction company. In addressing garde, the first circuit explained that "the fact that a utility company may have a

4

servitude or right of way on certain immovable property does not automatically give the utility company the garde of the property." *Id*. at 592.

Custody or garde was also at issue in *Sanders v. Woodlawn Cemetery, Inc.*, 20-398 (La.App. 3 Cir. 2/3/21), 311 So.3d 496. There, a different panel of this court found that no genuine issue of material fact existed as to the defendant's custody or control of the jobsite at the time of a construction-related accident, making summary judgment appropriate. The defendant in that case was the owner of the jobsite. It engaged a contractor to construct an addition to an existing building. Ultimately, the plaintiff could not establish that the defendant had custody or control of the jobsite: there was no evidence that the defendant took an active part in the scope of the work, in the way in which the work was done, or in the supervision of the work.

Like *Sanders*, BellSouth engaged a contractor, Deviney, to complete the entirety of a project. BellSouth prepared the blueprints, marking where to place the conduit, and obtained a permit to use DOTD's right of way. But the "job" was then handed off to Deviney. Deviney, not BellSouth, was responsible for maintaining the jobsite and completing the work—digging a trench, laying the conduit, and backfilling the trench.

Indeed, the depositions relied on by BellSouth and Preston show just this: that BellSouth did not have a physical presence on the jobsite, that Deviney was responsible for following the protocols outlined in the DOTD permit, that Deviney was responsible for securing the jobsite each night, and that Deviney had complete operational control of how the work was to be performed. In sum, there is nothing in these depositions showing that BellSouth exercised control over the jobsite or Deviney's methods of operation.

5

Nevertheless, Preston also argues that BellSouth had "shared" garde over the jobsite because of the pre-construction permit issued by DOTD. In other words, Preston contends that the permit created a personal, non-transferrable obligation for BellSouth to supervise the jobsite. We disagree for two reasons.

First, the mere act of obtaining a permit does not equate to having control over the jobsite. In *Green v. Popeye's, Inc.*, 619 So.2d 69, 72 (La.App. 3 Cir. 1993), for example, a different panel of this court explained: "Although the general rule is that an owner of a building under construction does not have custody of the building, Louisiana jurisprudence has recognized an exception to this rule where the owner exercises control over the contractor's methods of operation."

And second, the permit contemplates that a contractor will perform the work described therein by stating: "Failure by the contractor to comply with all provisions of this permit may result in the discontinuance of issuance of permits or debarment of the contractor from further work or cancellation of the permit."

In the end, BellSouth supported its motion by pointing to an absence of factual support for BellSouth's custody or control of the jobsite, an essential element of Preston's claim, and Preston failed to produce evidence of a material factual dispute as to that element. Preston also failed to show that BellSouth was not entitled to judgment as a matter of law. Hence, the trial court correctly granted summary judgment.[2]

---

[2] Also, by claiming that BellSouth had a duty to supervise Deviney's work, Preston appears to assert a theory of independent negligence. But such theory is not supported by legislation or jurisprudence. Nor is it supported by the summary-judgment evidence.

## DISPOSITION

The trial court judgment of March 5, 2024, is affirmed.  The costs of this appeal are assessed to Plaintiff, Preston Nedley.

**AFFIRMED.**